AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 2:25-MJ-115 |
| Johian Scott (1) | ) | |
| Cameron Nesbitt (2) | ) | |
| | ) | |
| *Defendant(s)* | | |

AUG 4 2025 AM 9:54
FILED - USDC - NDTX - AM

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __date unknown to August 2, 2025__ in the county of __Oldham__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 846. | Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine. |

This criminal complaint is based on these facts:

See attached affidavit in support of complaint.

☑ Continued on the attached sheet.

Approved:
s/ Jeffrey R. Haag
Asst. U.S. Attorney

*Complainant's signature*

Joseph E. Curtis, DEA Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this 4th day of __August__, 2025.

Date: __8/4/25__

*Judge's signature*

City and state: __Amarillo, Texas__    Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

No. 2:25-MJ-115

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Joseph Curtis, being duly sworn, depose and state:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA). I am assigned to the DEA's Amarillo Resident Office (ARO). I was hired as a Special Agent with DEA in February 2025, and completed DEA Basic Agent Training Academy, located in Quantico, Virginia, in July 2025. In connection with my duties and responsibilities as a Special Agent, I have received training in the field of narcotics trafficking investigations, including, but not limited to, conducting surveillance, smuggling, undercover operations, methods of packaging, utilizing confidential sources, executing arrest and search warrants. Prior to my employment with the DEA, I was an officer in the U.S. Army for four years, and I am currently still serving as an officer in the U.S. Army National Guard.

2. This affidavit is made in support of a complaint and arrest warrant for Johian SCOTT and Cameron NESBITT. I am familiar with the information contained in this affidavit based upon my own personal investigation, as well as conversations with other law enforcement officers involved in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe a crime has been committed and that the defendants committed it, I have not included every fact known to me in this affidavit.

3. On August 2, 2025, Texas Department of Public Safety (DPS) Trooper E. Castillo was on routine patrol on Interstate 40 in Vega, Oldham County, Texas. At approximately 11:27 a.m., Trooper Castillo saw a black Toyota Corolla with Washington registration BYG5595 traveling above the posted speed limit. Speeding is a violation of the Texas Transportation Code. Trooper Castillo did a traffic stop for the violation.

4. Trooper Castillo spoke with the driver, who was identified as SCOTT and the front seat passenger, who was identified as NESBITT. After Trooper Castillo's conversation with SCOTT and NESBITT, he observed some indicators leading him to believe criminal activity was occurring outside the traffic violations. For example, both SCOTT and NESBITT had inconsistent stories, aggressive and agitated demeanors, and NESBITT could not tell Trooper Castillo SCOTT's name.

5. Trooper Castillo asked SCOTT for consent to search the vehicle and SCOTT denied consent. Due to the inconsistent stories and other observed criminal indicators, Trooper Castillo contacted Trooper T. Topper, a narcotics detection canine handler, who traveled to the scene with his narcotics detection canine. Trooper Topper's canine performed a free-air sniff around the vehicle and alerted to the odor of narcotics coming from the vehicle. Trooper Castillo conducted a probable cause search of the vehicle and found a large black duffle bag in the trunk of the vehicle. Inside the large black duffle bag there was 15 large vacuum sealed bags, each containing an off-white crystalline substance. Trooper Castillo recognized the large vacuum sealed bags as contraband. The contraband was later field tested and tested positive for the presence of methamphetamine, a Schedule II controlled substance. The methamphetamine weighed approximately 101 pounds. This quantity of methamphetamine is only consistent with distribution, not someone's personal use.

6. On top of the large black duffle bag there were two smaller duffle bags that both contained men's clothing. One of the smaller bags had a plastic bag containing laundry detergent beads in it. In my training, education and experience, drug traffickers commonly use laundry detergent to mask the odor of narcotics.

7. Myself, DEA Special Agent Fernando Burga and Task Force Officers (TFO) Thomas Newton, Jose Barron and DPS Criminal Investigation Division (CID) Joe Livermore responded to the scene to assist in the investigation.

8. SA Burga and TFO Newton conducted a secondary search of the vehicle. SA Burga located laundry detergent beads in the front passenger door pocket. TFO Newton also located a pair of black socks in the small duffle bag that matched the pair of socks that SCOTT had on. TFO Newton conducted a search of SCOTT's person and located an Avis rental parking tab that had NESBITT's name on it.

9. SA Burga, SA Curtis, and DPS CID Livermore conducted a *Mirandized* interview with SCOTT and NESBITT. SCOTT and NESBITT advised they did not wish to cooperate with the investigation.

10. Based upon the foregoing facts and information, I submit there is probable cause to believe that SCOTT and NESBITT did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to commit an offense against the United States, that is, to knowingly and intentionally

Affidavit in Support of Complaint – Page 2

distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). All in violation of Title 21, United States Code, Section 846.

Joseph E. Curtis
DEA Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone:

__8/4/25__ at __Amarillo, TX__
Date                City and State

Lee Ann Reno, U.S. Magistrate Judge
Name and Title of Judicial Officer          Signature of Judicial Officer

Reviewed and Approved:

s/ Jeffrey R. Haag
Jeffrey R. Haag
Assistant United States Attorney

Affidavit in Support of Complaint – Page 3